TODD BOLEY, SBN 68119
ZOYA YARNYKH, SBN 258062
2831 Mariner Square Dr., Ste 280
Alameda, CA 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

PETER W. ALFERT, SBN 83139
HINTON ALFERT & KAHN LLP
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
Telephone: (925) 279-3009
Facsimile: (925) 279-3342

Attorneys for Plaintiffs

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH UNVERFERTH and P.C, a minor, by and through his guardian ad litem SARAH UNVERFERTH,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY UNION HIGH SCHOOL DISTRICT, ERIC VOLTA, JOHN SAYLOR, PATRICK WALSH, JENNIFER KOETT, ILENE FOSTER AND SANDRA GUARDADO, and DOES 1-30,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY DEMAND |

Plaintiffs Sarah Unverferth and P.C., a minor by and through hid guardian ad litem Sarah Unverferth allege as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction of Plaintiffs' federal law claims is founded upon 28 U.S.C. 1331 (federal questions jurisdiction), 28 U.S.C. 1343 (a)(3) (federal civil rights jurisdiction), and 28 U.S.C. 1983.

**INTRADISTRICT ASSIGNMENT**

2. This case arose in Contra Costa County, California. Pursuant to Rule 3-3(c) of the Local Rules of the Northern District of California, it should be assigned to either the San Francisco or the Oakland Division of the Northern District Court.

**PARTIES**

3. Plaintiff SARAH UNVERFERTH is a resident of the City of Brentwood, County of Contra Costa, California. She brings this action on her own behalf and as guardian ad litem on behalf of her son P.C.

4. Plaintiff P.C. is a minor and a resident of the City of Brentwood, County of Contra Costa, California.

5. Defendant LIBERTY UNION HIGH SCHOOL DISTRICT (LUHSD or District) is a public entity duly incorporated and operating under California law as a school district.

6. Defendant ERIC VOLTA (VOLTA) is the Superintendent of LUHSD. All actions alleged herein by VOLTA were taken in the course and scope of his employment with LUHSD.

7. Defendant JOHN SAYLOR (SAYLOR) is the Director of Special Services of LUHSD. All actions alleged herein by SAYLOR were taken in the course and scope of his employment with LUHSD.

8. Defendant JENNIFER KOETT (KOETT) is an art teacher at Liberty High School. All actions alleged herein by KOETT were taken in the course and scope of her employment with LUHSD.

9. Defendant ILENE FOSTER (FOSTER) is the Assistant Principal of Liberty High School. All actions alleged herein by FOSTER were taken in the course and scope of her employment with LUHSD.

10. Defendant SANDRA GUARDADO (GUARDADO) is the Assistant Principal of Liberty High School. All actions alleged herein by GUARDADO were taken in the course and scope of her employment with LUHSD.

11. Defendant PATRICK WALSH (WALSH) is the Principal of Liberty High School. All actions alleged herein by WALSH were taken in the course and scope of his employment with LHUSD.

**FACTS**

12. Plaintiffs have complied with the claim presentation requirements of the California Government Tort Claims Act. LUHSD denied Plaintiffs' claim on January 9, 2015.

13. Plaintiff P.C. was born on July 9, 1999. Plaintiff SARAH UNVERFERTH is his mother.

14. P.C. has been diagnosed with ADHD, Oppositional Defiant Disorder, and Bi-Polar Disorder, qualifying him for special education services.

15. P.C. was a student at Liberty High School (Liberty) during the 2013-2014 school year. He began attending the Matrix Program at Liberty High School on or about October 24 of 2013.

16. School personnel at Liberty were provided with information regarding P.C.'s disability and the appropriate methods of responding to the disability. P.C. had a behavior management plan (BMP).

17. Despite the BMP, Liberty's staff not only failed to implement the methods prescribed therein to respond to P.C.'s targeted behaviors, but further subjected P.C. to unwarranted harassment, including frequent on-campus suspensions (OCS), which were punitive in nature and used to punish P.C. for his disability-related behaviors.

18. P.C. was bullied by other students, and he and his mother feared for his safety on campus. Liberty officials were made aware of the bullying, but did nothing to prevent it.

19. Liberty employees and LUHSD administrators were aware that disabled students placed into the Matrix Program, including P.C., were targeted by various students on the campus at Liberty, and were severely bullied and harassed. Yet, they did nothing to prevent it.

20. In addition to being a victim of bullying himself, P.C. and UNVERFERTH also advised school and LUHSD administrators that he witnessed a serious physical attack (a stabbing)

1  of another student. P.C. and his mother were concerned that P.C. would also be physically
2  attacked.
3       21.    Despite these reports and concerns about bullying and P.C.'s safety while on
4  campus, Liberty employees, including KOETT, continued to order P.C. out of the classroom
5  unaccompanied and unsupervised, in violation of his educational plan and District policies.
6  WALSH, FOSTER and GUARDADO failed to ensure that P.C.'s IEP was followed.
7       22.    Despite knowledge of the bullying, Liberty employees frequently ordered P.C. to go
8  unaccompanied and unsupervised to the OCS classroom located across campus, which repeatedly
9  exposed him to bullying and possibility of attacks by other students. UNVERFERTH was never
10 told about OCS's of P.C., in violation of the Educational Code.
11      23.    On or about April 30, 2014, P.C. was yet again ordered to go to the OCS classroom
12 unaccompanied and unsupervised P.C. was then viciously attacked by another Liberty student, 18-
13 year-old Jose Quintanilla. Quintanilla came up to P.C. and without provocation started hitting P.C.
14 on the head. P.C. hit his head on the wall and fell down. Quintanilla continued to kick and punch
15 P.C. in the face while P.C. was on the ground until a teacher intervened.
16      24.    P.C. sustained severe physical and psychological injuries as a result of the attack,
17 which could have been prevented, had Liberty and LUHSD followed his behavioral and
18 educational plans. The physical attack necessitated treatment in a residential trauma facility. P.C. is
19 also treating with a psychologist for increased anxiety and trauma due to the extreme bullying and
20 assault before he reached the OCS classroom.
21      25.    Liberty employees and LUHSD administrators failed in their duty to supervise its
22 students, causing P.C. physical and emotional injuries. His mother also suffered extreme emotional
23 distress when her calls for help fell on deaf ears, and upon learning of the violent attack on her son.

24                              **FIRST CLAIM FOR RELIEF:**
25   **Violation of Constitutional Rights, 42 U.S.C. 1983, P.C.  vs. SAYLOR,  WALSH, VOLTA,**
26                         **KOETT, FOSTER, and GUARDADO.**

27      26.    Plaintiffs refer to, and incorporate herein by reference, all of the preceding
28 paragraphs as though fully set forth herein.

COMPLAINT                                    - 4 -

27. Section 1983 is presumptively available to remedy a state's ongoing violation of federal law. 42 U.S.C. 1983; *AlohaCare v. Haw. Dep't of Human Servs.,* 572 F.3d 740, 745 (9th Cir. 2009).

28. SAYLOR, VOLTA, KOETT, FOSTER, WALSH and GUARDADO (INDIVIDUAL DEFENDANTS) personally participated in the deprivation of constitutional rights of P.C. by their failure to act in response to notifications of bullying and harassment on the campus of Liberty.

### A. Actions Under Color of Law

29. Plaintiffs refer to, and incorporate herein by reference, all of the preceding paragraphs as though fully set forth herein.

30. Persons acting under color of law are subject to suit under Section 1983. INDIVIDUAL DEFENDANTS, acting under the color of state law, intentionally discriminated against P.C. as a member of an identifiable class (student with disabilities) by knowingly failing to address the bullying and harassment he experienced on the campus of Liberty based on disability.

31. INDIVIDUAL DEFENDANTS violated P.C.'s rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by actions, including, but not limited to, depriving him of equal protection under the law on the basis of disability.

32. INDIVIDUAL DEFENDANTS acted with deliberate indifference in responding to the complaints of bullying and harassment on the Liberty campus, and repeatedly exposed P.C. to the risk of bullying, harassment, and ultimately, a violent physical assault that left him with severe physical and psychological injuries, which further compounded his pre-existing mental health diagnoses.

33. As a proximate result of the violations alleged herein above, Plaintiffs have suffered damages as alleged heretofore.

### B. Failure to Train

34. Plaintiffs refer to, and incorporate herein by reference, all of the preceding paragraphs as though fully set forth herein.

35. INDIVIDUAL DEFENDANTS inadequately communicated P.C.'s BMP and District policies to Liberty staff, which led to the staff creating an environment and circumstances where P.C. would be unaccompanied and unsupervised on campus on numerous occasions, in violation of his BMP and LUHSD's policies. This resulted in bullying, harassment, and ultimately, a violent physical assault on P.C.

36. INDIVIDUAL DEFENDANTS are responsible for student supervision. They had a duty of care toward P.C. and all other students to prevent the known bullying, harassment, and physical attacks occurring on the premises of Liberty. INDIVIDUAL DEFENDANTS breached their duty of care by failing to supervise the conduct of students.

## SECOND CLAIM FOR RELIEF:

**Discrimination in Violation of the Americans with Disabilities Act; P.C. vs. LUHSD.**

37. Plaintiffs refer to, and incorporate herein by reference, all of the preceding paragraphs as though fully set forth herein.

38. Effective January 26, 1992, Plaintiff P.C. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. It prohibits discrimination by any "public entity", including any state or local government, as defined by 42 U.S.C. § 12131, Section 201 of the ADA.

39. Pursuant to 42 U.S.C. § 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. P.C. was at all times relevant herein a qualified individual with a disability as therein defined. His disabilities substantially limit at least two major life activities – learning and concentrating.

40. A violation of ADA, by definition, is also a violation of the Unruh Act, Civil Code Section 51 *et seq.* Intentional discrimination is not required.

41. LUHSD has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove,

1 including failing to ensure that educational services are provided on an equal basis to children with
2 disabilities and free of hostility toward their disability.
3     42.    LUHSD has further failed in its responsibilities under Title II to provide its services,
4 programs and activities in a full and equal manner to disabled persons as described hereinabove by
5 subjecting P.C. to a hostile educational environment.
6     43.    As a result of the District's failure to comply with its duty under Title II, Plaintiff
7 P.C. has suffered special and general damages according to proof.

### THIRD CLAIM FOR RELIEF:

**Violation of § 504 of the Rehabilitation Act of 1973; Plaintiff P.C. vs. LUHSD.**

44. Plaintiffs refer to, and incorporate herein by reference, all of the preceding paragraphs as though fully set forth herein.

45. Plaintiff P.C. is informed and believes, and on that basis alleges, that LUHSD is and at all relevant times was a recipient of federal funds, and that part of those funds were used in the operations, construction and/or maintenance of the specific public facilities and programs described herein and the activities that take place therein.

46. By their actions or inactions in denying equal access to educational services and by subjecting Plaintiff P.C. to a hostile educational environment, the District violated P.C.'s rights under §504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.

47. As a result of LUHSD's failure to comply with its duty under §504 of the Rehabilitation Act of 1973, P.C. has suffered special and general damages according to proof.

### JURY DEMAND

48. Plaintiffs hereby demands that this matter be tried to a jury.

### PRAYER

WHEREFORE, Plaintiffs prays for judgment as follows:

1. Compensatory damages to Plaintiffs for injury, emotional distress and for medical expenses;
2. Punitive damages against INDIVIDUAL DEFENDANTS;
3. Attorney's fees and costs; and

4. Such other and further relief as the court deems just and proper.

DATED: 4/16/15

By: _____/S/_____
TODD BOLEY
Attorneys for Plaintiffs

COMPLAINT  - 8 -