UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH UNVERFERTH, *et al.*, | No. C-15-1721 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| LIBERTY UNION HIGH SCHOOL DISTRICT, *et al.*, | **(Docket No. 24)** |
| Defendants. | |

    Plaintiffs Sarah Unverferth and P.C. (Ms. Unverferth's son and a minor) have filed suit against Defendant Liberty Union High School District (the "District") and several of its employees[1] (collectively, "Defendants"), asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and the Rehabilitation Act. Currently pending before the Court is Defendants' motion to dismiss or, in the alternative, to abstain. A hearing on the motion was held on August 20, 2015. This order memorializes the Court's rulings, which were made at the hearing, and provides brief additional analysis as necessary.

///

///

///

---

[1] The individual defendants are the District Superintendent, the Director of Special Services for the District, an art teacher at Liberty, two Assistant Principals at Liberty, and the Principal at Liberty.

## I. DISCUSSION

A. ADA

Defendants argue first that the ADA Title II claim, asserted against the District only, should be dismissed because the District, as an arm of the state, is protected by sovereign immunity. The Court does not agree. First, to the extent Plaintiffs' Title II claim is predicated on an alleged violation of equal protection, there is a valid abrogation of sovereign immunity. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (stating that, "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity") (emphasis in original).

Even if Plaintiffs are also arguing a violation of Title II that is *not* coextensive with a violation of equal protection, there is still a valid abrogation of sovereign immunity. Those circuit courts that have addressed the issue of sovereign immunity in the public education context have all held in favor of abrogation. *See, e.g.*, *Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 958-59 (11th Cir. 2005) (concluding that "Title II of the ADA, as applied to public education, constitutes a valid exercise of Congress's enforcement power under Section 5 of the Fourteenth Amendment"); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 490 (4th Cir. 2005) ("conclud[ing] that Title II of the ADA is valid § 5 legislation, at least as it applies to public higher education"); *Toledo v. Sanchez*, 454 F.3d 24, 40 (1st Cir. 2006) ("conclud[ing] that Title II, as it applies to the class of cases implicating the right of access to public education, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment"); *Bowers v. NCAA*, 475 F.3d 524, 553-55 (3d Cir. 2007) (applying rational review because "there is no fundamental right to participate in intercollegiate athletics, a component of public education" and "the disabled are not a suspect class"; but still concluding that, "[g]iven this regrettable past history, Title II is a justifiable prophylactic measure to avoid the risk of unconstitutional treatment of disabled students"). Even the Tenth Circuit – which has stated in Defendants' favor that "there is a trend of courts holding that, absent the need to vindicate a fundamental right or protect a suspect class, Congress may not abrogate state sovereign immunity" – has specifically called out that there is one notable "exception to this trend: discrimination against

students in public education." *Guttman v. Khalso*, 669 F.3d 1101, 1123 n.4 (10th Cir. 2012). And *Tennessee v. Lane*, 541 U.S. 509 (204), of course, identified public education as an area in which there was a documented pattern of unequal treatment against persons with disabilities. *See id.* at 525. The ADA's abrogation of sovereign immunity with respect to public education meets the proportional and convergence test, as discussed in the circuit court authority cited above.

Accordingly, the Court rejects Defendants' assertion of sovereign immunity.

B. <u>Section 1983</u>

With respect to the § 1983 claim asserted against the individual defendants, the individual defendants argue for dismissal based on qualified immunity. The Court does not find this argument any more persuasive than the sovereign immunity argument – especially as all inferences must be made, at this juncture in the proceedings, in Plaintiffs' favor.

For example, the individual defendants' assertion that the law was not clearly established ignores Plaintiffs' assertion that the individual defendants violated P.C.'s federal rights by punishing P.C. for his disability-related behaviors, *e.g.*, by frequently giving him on-campus suspensions. *See* Compl. ¶ 17; *cf. McMillan v. City of New York*, 711 F.3d 120, 129 (2d Cir. 2013) (in ADA employment case, noting that "it is undisputed that McMillan was tardy because of his disability and that he was disciplined because of his tardiness[;] [i]n other words, McMillan was disciplined because of his disability"). Also, Plaintiffs adequately allege that P.C. had a clearly established right "to be protected by school administrators from student-on-student harassment based on an identifiable class." Opp'n at 6; *see also Estate of Lance v. Lewisville Independent School District*, 743 F.3d 982, 995-96 (5th Cir. 2014) (discussing claim of disability-based student-on-student harassment; noting that the "claim derives from *Davis v. Monroe County Board of Education* [526 U.S. 629 (1999) – a Title IX case[,] [which] held that school districts may be liable for failing to address student-on-student sexual harassment 'only where they are deliberately indifferent to . . . harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school'"); *cf. Elliot-Park v. Manglona*, 592 F.3d 1003, 1008-09 (9th Cir. 2010) (noting "the absurdity of requiring equal protection plaintiffs to find a case with materially

3

1  similar facts[;] [i]n *Flores v. Morgan Hill Unified School District*, we held that public school
2  administrators who failed to respond to gay students' harassment complaints were not entitled to
3  qualified immunity"). Defendants do not contend that intentional conduct or deliberate indifference
4  to known acts of bullying and harassment on the basis of the victim's disability does not clearly
5  violate federal law.

C.  Rehabilitation Act

Finally, the District seeks dismissal of the Rehabilitation Act claim on the ground that Plaintiffs have failed to allege that "disability was a motivating factor for the District's actions." Mot. at 11. The Court rejects this argument as well. It can reasonably be inferred from the complaint that the school administrators were deliberately indifferent to the needs of disabled students such as P.C. *See T.B. v. San Diego Unified Sch. Dist.*, No. 12-56060, 2015 U.S. App. LEXIS 13365, at *29-30 (9th Cir. July 31, 2015) ("To establish a claim for damages under the Rehabilitation Act and ADA, a plaintiff must prove that the defendant intended to discriminate on the basis of his or her disability, or was deliberately indifferent to the disability.").

D.  *Colorado River*

In the event that the Court does not grant the motion to dismiss, Defendants have moved in the alternative for the Court to abstain or stay based on the *Colorado River* doctrine. Defendants' argument is predicated on the fact that, one day after Plaintiffs filed the instant action, they "filed a parallel action in the California Superior Court for Contra Costa County." Mot. at 2. The state court complaint is predicated on the same facts as in the instant case but raises slightly different claims – *i.e.*, negligence, violation of the Unruh Civil Rights Act, intentional infliction of emotional distress, and violation of California Education Code § 220. *See* Defs.' Amended RJN, Ex. A (state court complaint).

The Ninth Circuit has emphasized that the *Colorado River* doctrine is "carefully limited" – allowing a court to "refrain from deciding an action for damages only in 'exceptional' cases[;] only 'the clearest of justifications' support dismissal." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-79 (9th Cir. 2011). In considering the eight factors identified by the Ninth Circuit, the Court cannot say that the instant case is an exceptional one that warrants abstention or a stay, especially

4

given the Ninth Circuit's "observ[ation] that abstention under [the *Colorado River*] principle is especially undesirable when a federal hearing is sought on a section 1983 claim." *Pue v. Sillas*, 632 F.2d 74, 77 n.4 (9th Cir. 1980). As the Ninth Circuit noted in *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979), "[t]his obligation [to exercise jurisdiction] is particularly weighty when those seeking a hearing in federal court are asserting, as the appellants are here, their right to relief under 42 U.S.C. § 1983. Under such circumstances conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures. While we need not conjecture whether there exist circumstances that could outweigh the 'unflagging obligation' in section 1983 cases, we are convinced that they do not exist in this case."

Implicitly recognizing the weakness of their *Colorado River* argument, Defendants made a new contention, for the first time, in their reply brief, namely, that the Court could, in the alternative, issue a *Landis* stay. It was not proper for Defendants to raise this issue in reply as it could have been asserted in their opening brief. Nevertheless, even considering the merits, the Court concludes that a stay is not appropriate. Defendants have failed to show an adequate hardship or inequity in the absence of a stay. Moreover, granting a stay would impose a hardship on Plaintiffs who have asserted federal claims that are not at issue in the state court litigation. *See generally Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (discussing *Landis* stay factors, including balancing "the competing interests which will be affected by the granting or refusal to grant a stay").

## II. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or abstain/stay is denied.

This order disposes of Docket No. 24.

IT IS SO ORDERED.

Dated: August 24, 2015

_____
EDWARD M. CHEN
United States District Judge

5